**STATE, ex rel. SHAW, Relator, v. SWITZER, Supt., Respondent.**

Ohio Appeals, Second District, Montgomery County.

No. 2177.   Decided March 19, 1952.

Harvey Crow, St. Paris, for relator.
Herbert S. Beane, Cecil Edwards, Dayton, for respondent.

## OPINION

By HORNBECK, PJ.:

This is an action seeking a writ of habeas corpus to the respondent releasing the relator, a prisoner at the Dayton Workhouse under judgment and sentence of Lyman P. Clark, Mayor of the Village of Alger, Hardin County, Ohio.

The parties have stipulated the material and controlling facts upon which the determinative question depends, viz: whether or not the Mayor of Alger had jurisdiction to pronounce the sentence under which the relator is held.

From the stipulation, it appears that relator was, on the 11th day of June, 1951, arrested for operating a motor vehicle on the public highways of Hardin County, Ohio, while under the influence of alcohol; that on June 12, 1951, C. E. Graham, a State Highway Patrolman, "prepared an affidavit" which was signed and sworn to by Graham in Kenton, Ohio, before Clark, Mayor; that the seal of the Mayor of Alger was not attached to the affidavit signed by Graham; that the affidavit was given to the Mayor in Kenton, Ohio; that Shaw was brought from the County Jail to the City Building in Kenton, Ohio; that the warrant for the arrest of Shaw was issued in Kenton to Graham and that the hearing on the affidavit was held by Clark, the Mayor, in Kenton; that Shaw signed a waiver of jury in Kenton; that Shaw was found guilty by the Mayor and sentenced to 6 months in the Dayton Workhouse and fined $500.00 and costs; that Clark, the Mayor, now claims and did claim in September, 1951, that the original affidavit, warrant and written waiver of jury trial has been misplaced and cannot be located.

From these facts it is urged by the relator that no affidavit ever was filed with the Mayor of Alger, an incorporated Village, because it did not carry the seal of the Village of Alger, as provided by law, and the pretended affidavit and warrant were executed in the City of Kenton by the Mayor of Alger; that the hearing of the relator by the Mayor in the City of Kenton and the sentence imposed there were void and finally, that the sentence imposed was grossly excessive.

The meager facts appearing in the stipulation afford no support for the contention that the fine and sentence is so excessive as to be unreasonable and a violation of relator's constitutional rights.

Relator has some substantial support for the claim that the failure of the Mayor to place the seal of the Village of Alger on the affidavit for the arrest of relator rendered it a void instrument. In the early case of **Lessee of Boal, et al v. King, et al, 6 O. R. 11,** the Court held that:

"A writ of fi. fa., issued without seal from a court having and using a seal, is void. A levy on such writ, and a sale on a subsequent valid writ, conveys no title."

This authority was followed and used to support the judgments in Lenarcie v. State and Park v. State, 23 O. C. C. N. S. 73, holding that:

"A warrant for arrest issued by the mayor of a municipality without affixing to it his official seal, as provided in §1536-773a GC, R. S., is invalid."

Contra these cases are **Mignery v. State, 10 Oh Ap 232,** and **State v. Elson, 16 Oh Ap 184.** In both of these latter cases motions to certify were overruled in the Supreme Court. We appreciate that the overruling of a motion to certify is not tantamount to an affirmance of a judgment. However, it is highly improbable that these later judgments would not have been certified had there been any substantial question as to their validity. Without quoting from the opinions of Judge Richards in the Mignery case or Judge Houck in the Elson case, we are satisfied to say that we are in accord with their reasons for the adjudications. We commend a reading of these opinions, especially that of Judge Houck. We are not prepared to hold that the mere failure of the Mayor to affix his official seal to the affidavit by which the relator was brought into Court renders nugatory and void the action taken by the Mayor upon the plea of relator and his waiver of trial by jury. But over and beyond the narrow question of the validity of the warrant, we believe that the jurisdiction of the Mayor to hear and determine the charge against the relator was grounded upon the affidavit and not upon the warrant.

The other questions raised relate to the action of the Mayor of Alger in receiving the affidavit, issuing the warrant, presiding at the trial and pronouncing the sentence in the City of Kenton. It is stipulated that both the Village of Alger and the City of Kenton are in the County of Hardin.

We believe that the questions presented have all been inferentially determined by the syllabi in the case of **Stiess, et al v. State, 103 Oh St 33.** In these cases the police justice of the Village of North Randall had in the city of Cleveland conducted trials and pronounced judgments and sentences against defendants for violation of certain liquor laws. The Court held in the 3rd syllabus that:

"The jurisdiction of a police justice is coextensive with the county in which the village is located, and such justice may hold court any place in the county, even outside of the limits of the village where he is appointed and holds his office, although such place of holding court may be within the limits of another incorporated city or village within such county."

Chief Justice Marshall writing the opinion, at page 37, said that the jurisdiction of police justices was the same as those conferred upon Mayors of municipal corporations and referred to §4536 GC defining the jurisdiction of a mayor as follows:

"He shall have final jurisdiction to hear and determine any prosecution for a misdemeanor unless the accused is by the constitution entitled to a trial by jury. His jurisdiction in such cases shall be co-extensive with the county."

Judge Marshall then considers and discusses the question and answers it as heretofore quoted in the 3rd syllabus.

Another case inferentially follows the adjudication in Stiess v. State, viz: **State v. Pape** and other defendants. **105 Oh St 515.** Inasmuch, as the Mayor of Alger had jurisdiction to try, and pronounce sentence upon, the relator in the City of Kenton it follows that he had authority to accept the affidavit and to issue the warrant in said city.

In probability, the section under which relator was tried and convicted was §6296-30 (c) GC, a misdemeanor of which the Mayor of Alger had jurisdiction by authority of §4536 GC.

Relator urges that inasmuch as §4216 GC provides that

"When the Mayor is absent from the village or is unable for any cause to perform his duties, the president pro tem of counsel becomes acting mayor, and shall have the same powers and perform the same duties as the mayor,"

the Mayor was without any authority in this case because it would result in two Mayors of Alger acting at one and the same time. This, of course, does not follow and we are not

required to say that both the Mayor and the president pro tem of counsel could simultaneously act as Mayor of the Village of Alger. The act here under considerration was not performed in the Village of Alger and upon the cases citea the Mayor would have jurisdiction to act in that capacity in the City of Kenton.

We cannot hold that the Mayor was without jurisdiction to pronounce the sentence and issue the commitment under which the relator is held by the respondent.

The writ, therefore, will be denied.

WISEMAN and MILLER, JJ, concur.